IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIBEL LEBRON-TORRES, per se and her
husband NORBERTO VALENTIN-
MERCADO, and their conjugal partnership

Plaintiffs

vs                                                     CIVIL 98-1706CCC

WHITEHALL LABORATORIES, INC.,
unknown employer ABC

Defendants

## OPINION AND ORDER

This action was filed pursuant to the Americans with Disabilities Act,[1] 42 U.S.C. §12101, et. seq. Lebrón alleges that as a result of a work related accident, she developed a painful cervico-dorso-lumbar condition. She was treated at the State Insurance Fund and returned to work with a 20% general disability. Her painful condition continued. She states that it was aggravated by the type of work she had to do, which involved heavy lifting and carrying, standing, pushing and pulling, climbing, balancing, stooping, crouching, and reaching above shoulder level. Plaintiff alleges that when she brought these matters to the attention of her superiors, they did not offer her reasonable accommodations.

Before us now is defendant Whitehall Robins Laboratories' Motion for Partial Summary Judgment of the ADA Claim (**docket entry 22**). It is Whitehall's position that Lebrón does not qualify as a disabled individual under the Act; that her physical impairment does not amount

---

[1] Plaintiff voluntarily dismissed her Title VII claim in December 1999.

AO 72A
(Rev.8/82)

CIVIL 98-1706CCC                           2

to a disability; that she had no record of having an impairment and was not regarded as having such an impairment.

> The existence of certain physical restrictions, particularly those relating to manual labor, dexterity, or tolerance of pain, do not necessarily establish that an individual is disabled or that his employment opportunities have been significantly curtailed. Thus, the imposition of a lifting restriction, or the inability to use certain tools, or even a designation such as light or medium duty, is not sufficient to establish the existence of a disability. ... In such cases, a plaintiff must go further, offering evidence that these restrictions, in light of the training, skills, vocational opportunities, geographic limitations, and the like, significantly impede his ability to find a job. ... This requires to carefully and systematically establish the types of jobs which he can no longer do; the restrictions must pose a significant barrier to his employment.

<u>Matthews v. TCI of Illinois</u>, 1996 WL 332693, p. 2 (ND Ill.) (citations omitted).

Plaintiffs have opposed the motion (**docket entry 30**). Lebrón describes all of the tasks involved in her job, presenting them as requiring the lifting, carrying and moving heavy drums bins and pails. She goes on to describe the evolution of her back problems, the pain she suffered, her treatment at the State Insurance Fund, the fact that she was placed on rest status and was given physical therapy. She describes the residual condition with which she is left, the pain she suffers and the pain and movement limitations and the fact that the final diagnosis by the Fund was cervico-dorso-lumbar spasm for which she was determined to have a 20% loss of her general physiologic functions. Lebrón also claims that Whitehall failed to make reasonable accommodations for her disability, notwithstanding that she was allowed to rest as ordered by the State Insurance Fund.

With regard to the alleged production errors which Whitehall claims constitute just cause

CIVIL 98-1706CCC                                    3

for her dismissal, Lebrón minimizes their magnitude, states that no warnings were given for some, no documentation for others, and signatures on various documents purported to be hers are not.

To state a prima facie case of disability discrimination under the ADA, a plaintiff must establish first, that she is a disabled person within the meaning of the ADA; second, that she is qualified; that is with or without reasonable accommodation (which she must identify), she is able to perform the essential functions of her job; and third, that she was terminated from her job because of her disability. <u>Feliciano v. State of Rhode Island</u>, 160 F.3d. 780 (1st Cir. 1998).

To qualify as a disabled individual under the law, the individual must demonstrate that she has a "substantially limiting impairment" that affects her "major life activities." Major life activities mean functions such as caring for oneself, performing manual tasks, walking, seeing, speaking, breathing, learning and working. 29 C.F.R. §1630.2(i).

The facts as alleged in the complaint only address Lebrón's position as a manufacturing operator at Whitehall. The Supreme Court recently held that:

> When the major life activity under consideration is that of working, the statutory phrase "substantially limits" requires, at a minimum, that plaintiffs allege that they are unable to work in a broad class of jobs. Reflecting this requirement, the EEOC uses a specialized definition of the term "substantially limits" when referring to the major life activity of working:
>
> "Significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." §1630.2(j)(3)(i).

CIVIL 98-1706CCC                    4

> . . . To be substantially limited in the major life activity of working, then, one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

<u>Sutton V. United Air Lines, Inc.</u>, 119 S.Ct. 2139, 2151 (1999)

No allegations were made, nor evidence submitted, from which it could be argued that the plaintiff is precluded from working in a broad range of positions. To the contrary, the uncontroverted evidence submitted by defendant demonstrates that, while working at Whitehall, Lebrón worked part-time as a hair stylist out of her home, and that two weeks after her dismissal from defendant, she increased the number of days that she worked at the business in her home.

For the above stated reasons, we conclude that the plaintiff's health condition is not covered by the Americans with Disabilities Act. The Motion for Summary Judgment is GRANTED and this action is DISMISSED.

SO ORDERED.

At San Juan, Puerto Rico, on March 29, 2000.

CARMEN CONSUELO CEREZO
United States District Judge